## COMMONWEALTH *v.* D. A. GOODMAN.

**Criminal Law—Sale of Goods by a Pedlar.**

A conviction for selling lightning rods as a pedlar cannot be sustained where the evidence shows that pursuant to an agreement the defendant furnished and put up lightning rods for one man only, on one building, and does not show whether such rods were sold at defendant's store or elsewhere.

### APPEAL FROM OHIO CRIMINAL COURT.

January 5, 1877.

OPINION BY JUDGE ELLIOTT:

Appellee was fined one hundred dollars by a judgment of the police court of the town of Hartford, Ohio county, on a charge of having sold lightning rods as a peddler. From this judgment appellee appealed to the criminal court of Ohio county, and on hearing said suit was dismissed, and the commonwealth has brought this case here by appeal. By the agreed facts it is proved that appellee agreed with one James F. Collins, of Ohio county, to put up on his house some lightning rods and securely fasten them to his house, for which he was to receive a certain price per foot for putting up the rods. Appellee hauled the rods to Collins's house in a wagon and put them up, and at the time he did it he was not a resident of Ohio county, the county in which he had put up the rods. It was further admitted that appellee purchased his lightning rods in Philadelphia, and that the headquarters of his business were at Bowling Green in this state.

There is no evidence that appellee ever put up lightning rods for anybody but Collins, and he may have sold them to Collins at Bowling Green and then agreed to go to Collins's house and put them up, from all that appears in this record. At any rate the evidence is insufficient to prove that appellee was a peddler of lightning rods. He may have had a regular store at Bowling Green at which he was selling lightning rods to the public, and in this instance may have agreed to put them up, and if so he was certainly not a peddler and

liable as such. Mr. Bouvier in his law dictionary defines a peddler to be "a person who travels about the country with merchandise for the purpose of selling it," and surely if appellee was located at Bowling Green and selling his merchandise there, he could not be adjudged a peddler because in one instance he went out of the county to put up the lightning rods which he had sold.

Wherefore the judgment is *affirmed*.

*Moss, for appellant. McHenry & Hill, for appellee.*